UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DENNIS KERR,

Plaintiff,

v.

BANK OF AMERICA, N.A. and
TRUSSTEE CORPS.,

Defendants.

Case No. 3:15-cv-00306-MMD-WGC

ORDER

## I.   SUMMARY

Plaintiff Dennis Kerr, proceeding *pro se*, initiates this action to assert claims that appear to relate in part to a mortgage loan. Before the Court is Defendant Bank of America, N.A.'s ("BANA") Motion to Dismiss Complaint ("Motion"). (Dkt. no. 7.)  Plaintiff has opposed (dkt. no. 10) and BANA has replied (dkt. no. 12). For the reasons discussed below, the Motion is granted.

## II.   BACKGROUND

The following background facts are taken primarily from the Complaint, which is rather difficult to parse. Because the Complaint makes general and sweeping allegations relating to several events, the Court will recite these events as best it can. The first relates to an alleged wrongful foreclosure. Plaintiff obtained a mortgage loan from Countrywide secured by a Deed of Trust on property located at 580 Aswan Street in Sparks, Nevada ("the Property") and paid off a prior loan with Avco Mortgage Company ("Avco"). (Dkt. no. 2 at 2-3.)  In 2014, BANA had Avco do a trustee's sale on the Property under the Avco loan even though it had been satisfied. After Plaintiff's father confronted Avco, it resolved the wrongful foreclosure by providing a "substitution

of trustee and full reconveyance" of the Property on July 30, 2014. (*Id.* at 3, 6.)  BANA's statement of March 17, 2014, shows adjustments to the monthly statement, including fees that should not have been charged.

The second event involves BANA's alleged theft of insurance proceeds on insurance that BANA had forced Plaintiff to place. (*Id.* at 7.) Plaintiff alleges that a broken pipe caused the basement of the Property to flood, causing about $9,200 in damages. (*Id.*) A contractor was hired and after he sent in a claim for doing part of the repair, BANA stole the insurance check but paid him a year later. (*Id.*) Plaintiff had to sue the contractor to recover the money on payment for work he apparently did not perform.  (*Id.*)  BANA paid Plaintiff as a result of a class action settlement in Florida on the forced placed insurance scam. (*Id.* at 8.)

The third event relates to a loan modification that Plaintiff's father, who possessed a power of attorney, agreed to while Plaintiff was deployed on a tour of duty overseas.  Plaintiff's father agreed to the loan modification term for payment to be $956 per month, but not the higher payment term of $2,856 per month. (*Id.* at 8.) BANA proceeded with the loan modification even though Plaintiff did not sign the modified loan.  (*Id.*)  Plaintiff has received a notice of breach of default and election to sale set for July 2015. (*Id.* at 9.)

Based on allegations relating to these three main events, Plaintiff advances seven claims against Defendants BANA and Trusstee Corps[1]: breach of contract, unjust enrichment, breach of the implied covenant of good faith and fair dealing, libel, slander and defamation, breach of fiduciary duty, violation of the Truth in Lending Act ("TILA") and the Racketeer Influenced and Corrupt Organizations Act ("RICO").  (*Id.* at 10-14.) In response, BANA has moved for dismissal. (Dkt. no. 7.)

III.   **LEGAL STANDARD**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must

---

[1]The Complaint does not assert any specific allegations against Trustee Corps.

provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint fails to "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

Mindful of the fact that "[t]he Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of *pro se* litigants," the Court will view Plaintiff's

1  pleadings with the appropriate degree of leniency. *Eldridge v. Block*, 832 F.2d 1132,

2  1137 (9th Cir. 1987) (quoting *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)).

3  **IV.   DISCUSSION**

4        BANA argues that the Complaint is generally deficient and fails to state a claim

5  upon which relief may be granted.[2] The Court agrees.

6        **A.   Breach of Contract**

7        A breach of contract claim requires a plaintiff to show: (1) the existence of a valid

8  contract; (2) a breach by the defendant; and (3) damage because of the breach. *Saini v.*

9  *Int'l Game Tech.*, 434 F. Supp 2d 913, 919–20 (D. Nev. 2006) (citing *Richardson v.*

10  *Jones*, 1 Nev. 405, 405 (Nev. 1865). To create an enforceable contract there must be

11  an "offer, acceptance, meeting of the minds, and consideration." *May v. Anderson*, 119

12  P.3d 1254, 1257 (Nev. 2005).

13        The Complaint does not allege the contract that Defendants purportedly

14  breached.  In fact, the Complaint does not identify the contract in question, what action

15  Defendants allegedly did that amount to a breach of that contract and what damage

16  resulted from said breach.

17        **B.   Unjust Enrichment**

18        "The phrase 'unjust enrichment' is used in law to characterize the result or effect

19  of a failure to make restitution of, or for, property or benefits received under such

20  circumstances as to give rise to a legal or equitable obligation to account therefor."

21  *Leasepartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975*, 942 P.2d 182, 187

22  (Nev. 1997). "Unjust enrichment occurs when ever [sic] a person has and retains a

23  benefit which in equity and good conscience belongs to another." *Id.* (quotations and

24  citation omitted). "The doctrine of unjust enrichment or recovery in quasi contract

25  applies to situations where there is no legal contract but where the person sought to be

26

27        [2]Plaintiff's opposition brief does not address BANA's arguments. Instead, Plaintiff
offers exhibits to supplement his Complaint, which is improper. Plaintiff also makes

28  allegations that he claims support a claim for Fair Debt Collections Practices Act, but he
did not plead this claim in his Complaint.

charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another [or should pay for]." *Id.* (citing *Lipshie v. Tracy Inv. Co.,* 93 Nev. 370, 379, 566 P.2d 819, 824 (1977) ("To permit recovery by quasi-contract where a written agreement exists would constitute a subversion of contractual principles.")).

The Complaint contains conclusory allegations that Defendants are unjustly enriched by "the forced placed insurance scam, and stealing the plaintiffs insurance check" among other alleged wrongful conduct. (Dkt. no. 2 at 11.) These conclusory allegations are insufficient to show that Plaintiff is entitled to relief. For example, Plaintiff alleges theft of insurance proceeds by BANA, but he also alleges that BANA paid the contractor although it was not clear whether the contractor performed the repair caused by the flood damage.  Moreover, Plaintiff alleges he sued the contractor to recover the payment. Accepting these allegations as true, it is not clear how BANA was unjustly enriched with respect to the insurance proceeds.

### C.   Breach of the Implied Covenant of Good Faith and Fair Dealing

Nevada law holds that "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement."  *A.C. Shaw Constr., Inc. v. Washoe Cnty.*, 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). "When one party performs a contract in a manner that is unfaithful to the purpose of the contract and the justified expectations of the other party are thus denied, damages may be awarded against the party who does not act in good faith." *Hilton Hotels v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 923 (Nev. 1991). To establish a claim for contractual breach of the implied covenant of good faith and fair dealing, a plaintiff must allege the existence of a valid contract and a breach of the implied duty of good faith and fair dealing by performing in a manner that was unfaithful to the purpose of the contract. *Perry v. Jordan*, 900 P.2d 335, 338; *see Hilton Hotels*, 808 P.2d at 923. A plaintiff must establish that the defendant intentionally breaches the intention and spirit

///

of the agreement. *Morris v. Bank of America*, 886 P.2d 454, 457 (Nev. 1994) (*citing Hilton Hotels*, 808 P.2d at 922-23).

The Complaint is deficient because there is no allegation relating to the existence of a valid contract and what Defendants purportedly did to breach the intention and spirit of that contract.

### D.    Libel/Slander/Defamation

Under Nevada law, a *prima facie* case of defamation is established if the plaintiff alleges: "(1) a false and defamatory statement by the defendant concerning the plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages." *Pacquiao v. Mayweather*, 803 F. Supp. 2d 1208, 1211 (D. Nev. 2011) (citing *Wynn v. Smith*, 16 P.3d 424, 427 (2001)).

The Complaint fails to allege facts to support each element of a defamation claim. Plaintiff does not even allege what false statement of facts was made about him. He asserts that he can prove that BANA did communicate information concerning him to others. (Dkt. no. 2 at 12.)   However, Plaintiff must allege what false statement was communicated, not just promise that he will show the content of that communication to survive dismissal.

### E.    Breach of Fiduciary Duty

A breach of fiduciary duty claim requires Plaintiffs to show the existence of a fiduciary duty, the breach of that duty, and damages proximately caused by the breach. *Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 880-81 (9th Cir. 2007) (applying Nevada law); *see also Clark v. Lubritz*, 944 P.2d 861, 866-67 (Nev. 1997). "A fiduciary relation exists between two persons when one of them is under a duty to act for the benefit of another upon matters within the scope of the relation.*" Stalk v. Mushkin*, 199 P.3d 838, 843 (Nev. 2009).  Fiduciary relationships arise where the parties do not deal on equal terms and there is special trust and confidence placed in the superior party. *Hoopes v. Hammargren*, 725 P.2d 238, 242 (Nev. 1986). Moreover, courts have repeatedly held that a lender owes no fiduciary duties to a borrower absent exceptional

6

1   circumstances, such as when a special relationship exists between the two parties. *See*
2   *Yerington Ford, Inc. v. Gen. Motors Acceptance Corp.*, 359 F. Supp. 2d 1075, 1090 (D.
3   Nev. 2004) (stating "the Court is satisfied that the Nevada Supreme Court would hold
4   that an arms-length lender-borrower relationship is not fiduciary in nature, absent
5   exceptional circumstances"), *aff'd in relevant part by Giles v. Gen. Motors Acceptance*
6   *Corp.*, 494 F.3d 865 (9th Cir. 2007).

7        Plaintiff makes conclusory allegations that the monthly payment under the
8   modification was higher than represented and he did not sign the modification. These
9   conclusory allegations fail to establish a claim for breach of fiduciary duty.  Moreover,
10  because it is well settled that the relationship between a lender and a borrower is not
11  one that gives rise to a fiduciary duty absent exceptional circumstances, *see Yerington*
12  *Ford,* 359 F. Supp. 2d at 1090, Plaintiff must also allege facts to show a special
13  relationship with Defendants other than that of a lender and borrower. Here, Plaintiff
14  fails to allege what special relationship existed between Plaintiff and Defendants, other
15  than the fact that he had obtained a mortgage loan from BANA.

16  **F.    TILA**

17       The Complaint alleges violations of TILA and all related regulations. TILA was
18  enacted "to protect consumers' choice through full disclosure and to guard against the
19  divergent and at times fraudulent practices stemming from uninformed use of credit."
20  *King v. California,* 784 F.2d 910, 915 (9th Cir.1986). TILA requires creditors to disclose
21  certain information about the terms of a particular loan to the prospective borrower. *See*
22  *e.g.*, 15 U.S.C. §§ 1631-32, 1638; 12 C.F.R. § 226.17.  Plaintiff's conclusory allegations
23  that Defendants fail to "accurately and fully disclose the terms of the legal obligations
24  between the parties involved" fail to give notice of any plausible claim. (Dkt. no. 2 at 13.)
25  The assertion of general allegations — that Defendants "forced place insurance on the
26  home then stole the insurance check for a year," "signed the original modification
27  agreement when the plaintiff was in Iraq" and engaged in racketeering — do not show
28  what terms were not disclosed at the time credit was extended. Plaintiff cites to 12

C.F.R. § 226.17(c), but that regulation does not involve forced place insurance or loan modifications.

### G.    RICO

18 U.S.C. § 1964(c) provides for a private right of action by "[a]ny person injured in his business or property by reason of a violation of § 1962." *See Sedima, S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479, 495 (1985). A civil RICO claims requires a showing of: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's 'business or property.'" *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996) (quoting 18 U.S.C. §§ 1964(c), 1962(c); *Sedima, S.P.R.L.* 473 U.S. at 496).  Allegations of fraudulent conduct that constitutes a pattern of racketeering activity must satisfy Fed. R. Civ. P. 9(b)'s specificity requirements. *Odom v. Microsoft Corp.*, 486 F.3d 541, 553-54 (9th Cir. 2007) (en banc); *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.,* 806 F.2d 1393, 1400-01 (9th Cir. 1986).  To satisfy Rule 9(b)'s requirements, the Complaint "must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrib.*, 806 F.2d at 401.

The Complaint makes conclusory allegations about Defendants' "criminal racketeering activity," including the confusing allegations that "Defendants were employed by and associated with an illegal enterprise" that were "all paid for by the villains at Bank of America" when BANA is one of two named defendants. These conclusory allegations fail to establish a claim. Moreover, Rule 9(b) requires that allegations of racketeering activities must include the time, place, identities and specific content of the alleged fraud. However, the Complaint lumps the two Defendants together and does not identify the alleged racketeering activities with particularity.

### H.    Leave to Amend

The Court has discretion to grant leave to amend and should freely do so "when justice so requires." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (quoting Fed. R. Civ. P. 15(a)). As Plaintiff is proceeding *pro se*, the Complaint has not

been previously amended, and the Court cannot conclude that amendment would be futile, the Court grants leave to amend the Complaint to address the deficiencies discussed in this Order.

If Plaintiff chooses to file an amended complaint he is advised that an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit.

## V.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

It is therefore ordered that Defendant Bank of America, N.A.'s Motion to Dismiss Complaint (dkt no. 7) is granted. Plaintiff's Complaint is dismissed without prejudice and with leave to amend. Plaintiff will have thirty (30) days from today to file an amended complaint. Failure to do so will result in dismissal of the Complaint with prejudice.

Plaintiff's Motion for Restraining Order (dkt. no. 20) is denied as moot.

DATED THIS 5th day of January 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

9