UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DENNIS KERR; TERRY KERR, <br><br>  Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA, N.A., et al., <br><br>  Defendants. | Case No. 3:15-cv-00306-MMD-WGC <br><br> ORDER |

Plaintiffs have filed a Motion for Restraining Order ("Motion") (dkt. no. 44), which generally alleges that Defendants are engaging in misconduct and racketeering. Plaintiffs claim that a restraining order is necessary to ensure that Defendants abide by the "Golden Rule." (*Id.* at 6.) Because Plaintiffs appear to request the restraining order on an expedited basis, the Court construes the Motion as a motion for a temporary restraining order ("TRO").

Federal Rule of Civil Procedure 65 governs preliminary injunctions and TROs, and requires that a motion for a TRO include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b). TROs are governed by the same standard applicable to preliminary injunctions. *Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001). A TRO may be issued if a plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the

balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Ninth Circuit has also held that "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

Plaintiffs have not satisfied the requirements for a TRO. First, because Plaintiffs fail to identify the behavior that they seek to enjoin, it is not clear what irreparable harm, if any, would occur absent preliminary injunctive relief. To be fair, Plaintiffs point out that three allegedly improper trustee's sales are set to occur in February. (*See* dkt. no. 44-1 at 2.) But Plaintiffs do not clarify whether those trustee's sales have already occurred. Even assuming that the sales have not yet occurred, Plaintiffs have not satisfied the remaining *Winter* factors: they have not demonstrated a likelihood of success on their misconduct and racketeering allegations, or that the equities and the public interest would favor a TRO. *See Winter*, 555 U.S. at 20. Without identifying some claim on which they are likely to succeed, or for which they can raise serious questions, Plaintiffs cannot show that they are entitled to a TRO.

It is therefore ordered that Plaintiffs' Motion for a Restraining Order (dkt. no. 44) is denied.

DATED this 23rd day of February 2016

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE