UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DENNIS KERR AND TERRY KERR, | Case No. 3:15-cv-00306-MMD-WGC |
| Plaintiffs, | ORDER |
| v. | |
| BANK OF AMERICA, N.A., ZION BANK, N.A., NATIONSTAR MORTGAGE LLC, TRUSTEE CORPS, SENECA MORTGAGE SERVICING LLC, ROBINSON TAIT, P.S., AKERMAN LLP NEVADA, AKERMAN LLP UTAH, QUINNEY NEBEKER PC, POORE, ROTH & ROBINSON, P.C., RCO LEGAL PC, | |
| Defendants. | |

I.    **SUMMARY**

Plaintiff Dennis Kerr, proceeding *pro se*, initially filed this action against Defendants Bank of America, N.A. ("BANA") and Trustee Corps based in part on a foreclosure on a home mortgage loan. (ECF No. 2.) Plaintiff was permitted to amend his Complaint to correct deficiencies identified in the Court's dismissal order. (ECF No. 24.) Plaintiff filed an Amended Complaint (ECF No. 25) ("FAC"), which included his father, Terry Kerr, as an additional plaintiff and now alleges a variety of claims that are difficult to decipher against nine additional defendants. (ECF No. 25 at 3.) Defendants[1] have filed Motions to Dismiss ("Motions") or joined another Defendant's Motion. (ECF Nos.

_____

[1]RCO Legal P.C. did not file a motion to dismiss, but the Court includes RCO Legal P.C. in the group of Defendants dismissed without prejudice.

32, 34, 38, 52, 55, 58, 60, 62.) Plaintiffs filed responses to these Motions (ECF Nos. 45, 66, 67), and Defendants have replied (ECF Nos. 50, 51, 68, 72, 74, 75, 77). For the reasons discussed below, Defendants' Motions are granted. Plaintiff's FAC is dismissed without prejudice and without leave to amend except with respect to Defendants Nationstar Mortgage, LLC ("Nationstar") and Zion Bank, N.A. ("ZB"), who are dismissed with prejudice.

## II.   BACKGROUND

The following background facts are taken primarily from the FAC, but the Court refers to the original Complaint when necessary to make sense of the allegations in the FAC.[2] Because the FAC, like the original Complaint, is difficult to parse, the Court will recite the facts on which Plaintiffs bring suit as best it can. The initial Complaint based relief on an alleged wrongful foreclosure. (ECF No. 2 at 2-3.) The FAC contains a brief reference to a foreclosure and reconveyance of property owned by Dennis Kerr, but he also notes additional trustee sales on properties he owns in Idaho. (ECF No. 25 at 5-7, 9-10.) The FAC also bases claims for relief on an alleged conspiracy between Defendants to kill Plaintiffs and to physically harm, harass, and/or ruin the reputation of Plaintiffs' family. (*Id.* at 2, 6, 8, 12-13, 17, 19-21.) Plaintiffs also appear to base their claims for relief on the conversion of an insurance check intended to pay for certain repairs and on an illegal modification of Plaintiff Dennis Kerr's monthly loan payments that occurred during his military deployment. (*Id.* at 14, 17.)

Based on allegations relating to these events, Plaintiff advances seven claims against the eleven named Defendants in the FAC; (1) violation of the Bank Holding Company Act ("BHCA") anti-tying provisions; (2) violations of the Racketeer Influenced

///

---

[2]Generally, an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

and Corrupt Organizations Act ("RICO"); (3) violations of the Servicemembers Civil Relief Act ("SCRA") and Housing Economic Recovery Act of 2008 ("HERA"); (3) intentional or negligent infliction of emotional distress; (5) breach of the implied covenant of good faith and fair dealing; (6) tortious interference with a business relationship; and (7) violations of the Truth in Lending Act ("TILA"). (*Id.* at 10-22.) In response, Defendants have moved for dismissal. (ECF Nos. 32, 38, 52, 55, 58, 60, 62.)

## III.   LEGAL STANDARD

### A.    Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to a presumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint fails to

"permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

Mindful of the fact that "[t]he Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of *pro se* litigants," the Court will view Plaintiffs' pleadings with the appropriate degree of leniency. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (quoting *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)). However, conclusory allegations made by Plaintiffs will not suffice.

Moreover, the FAC here says far too much and does so unnecessarily. Federal civil pleading *is* notice pleading. *E.g., Starr v. Baca,* 652 F.3d 1202, 1212-16 (9th Cir. 2011). The notice pleading requirements of Rule 8(a) can be violated not only "when a pleading says *too little*," but also "when a pleading says *too much*." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013), *cert. denied*, 135 S. Ct. 57 (Oct. 6, 2014); *see also McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir.1996) (affirming a dismissal under Rule 8 and recognizing that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges").

## B. Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction

Federal Rule of Civil Procedure 12(b)(2) allows district courts to dismiss an action for lack of personal jurisdiction. "Where defendants move to dismiss a complaint for lack of personal jurisdiction, plaintiffs bear the burden of demonstrating that jurisdiction is appropriate." *Dole Food Co. Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002). "When a district court acts on the defendant's motion to dismiss without holding an evidentiary hearing, the plaintiff need make only a prima facie showing of

4

jurisdictional facts to withstand a motion to dismiss." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (citing *Ballard v. Savage*, 65 3.d 1495, 1498 (9th Cir. 1995)).

Additionally, a dismissal for lack of jurisdiction is not a dismissal on the merits. *See* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits."); *see McCarney v. Ford Motor Co.*, 657 F.2d 230, 234 (8th Cir. 1981) (explaining operation of Rule 41(b)).

## IV. DISCUSSION

All but one of the Defendants who moved for dismissal argue that the FAC is generally deficient and fails to state a claim upon which relief may be granted. One Defendant, Poore, Roth & Robinson, P.C. ("PRR"), asserts that this Court lacks personal jurisdiction over them. The Court agrees with all Defendants and addresses each alleged claim in the context of the various Motions.

### A. BHCA Anti-Tying Provisions

A claim under the anti-tying provisions of the Bank Holding Company Act, 12 U.S.C. § 1972, requires a plaintiff to plead and demonstrate that: (1) the banking practice was unusual in the banking industry; (2) an anti-competitive tying arrangement existed; and (3) the practice benefits the bank. *See Rae v. Union Bank*, 725 F.2d 478, 480 (9th Cir. 1984) (citing *Parsons Steel, Inc. v. First Alabama Bank of Montgomery*, 679 F.2d 242, 246 (11th Cir. 1982)).

Plaintiffs assert that Defendants BANA and ZB put Plaintiffs' mortgage in a holding company and then had the holding company change the mortgage contracts. (ECF No. 25 at 10-11.) The facts as alleged in the FAC do not demonstrate that these Defendants engaged in an unusual practice by modifying Plaintiffs' mortgage loan nor do they demonstrate that an anti-tying arrangement existed. Accepting Plaintiffs' allegations as true, it is not clear how BANA or ZB violated the anti-tying provisions of BHCA.

**B.     RICO**

18 U.S.C. § 1964(c) provides for a private right of action by "[a]ny person injured in his business or property by reason of a violation of § 1962." *See Sedima, S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479, 495 (1985). A civil RICO claim requires a showing of "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's 'business or property.'" *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996) (quoting 18 U.S.C. §§ 1964(c), 1962(c); *Sedima, S.P.R.L.* 473 U.S. at 496). The RICO statute provides a list of crimes or acts that qualify as "racketeering activity" and requires two or more acts to establish a "pattern of racketeering activity." 18 U.S.C. §1961. Allegations of fraudulent conduct that constitute a pattern of racketeering activity must satisfy Fed. R. Civ. P. 9(b)'s specificity requirements. *Odom v. Microsoft Corp.*, 486 F.3d 541, 553-54 (9th Cir. 2007) (en banc); *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.,* 806 F.2d 1393, 1400-01 (9th Cir. 1986). To satisfy Rule 9(b)'s requirements, the complaint "must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrib.*, 806 F.2d at 401.

Plaintiffs vaguely allege that Defendants used email and other communications to defraud Plaintiffs and that the alleged conduct consisted of emailing and communicating to execute a scheme to harm the Plaintiffs and their family members. (ECF No. 25 at 11, 13.) Accepting these allegations as true, the FAC still does not include the time, place, identities and specific content of the alleged communications to defraud. Instead, Plaintiffs state that the "relevant Defendants" engaged in these communications while failing to identify the alleged racketeering activities with particularity. Furthermore, in their opposition brief, Plaintiffs claim that the predicate acts consist of the foreclosures on Plaintiffs' three homes, which are "not normal foreclosures." (ECF No. 45 at 4-5.) The judicial and non-judicial foreclosures of Plaintiffs' homes in and of themselves do not amount to predicate acts under the RICO statute without additional factual allegations.

### C.   SCRA and HERA

The Servicemembers Civil Relief Act, 50 U.S.C. § 3901 *et seq.* ("SCRA"), protects members of the military during their time of service by temporarily suspending judicial and administrative proceedings or transactions, including non-judicial mortgage foreclosures, that may adversely affect military members' civil rights. *See* 50 U.S.C §§ 3902(2), 3953(c). The Housing and Economic Recovery Act of 2008, Pub. L. No. 110-289, 122 Stat. 2654 (2008), temporarily expanded certain protections under the SCRA but the amendments did not apply to loan modifications. *See* HERA, §§ 2201-2203.

The SCRA requires a written waiver from a service member to permit a modification of an obligation secured by a mortgage, § 3918(b)(1), but the statute provides that members of the military may appoint powers of attorney while they are deployed to act as their legal representatives. § 3920(a)(2). Plaintiffs allege that "Dennis Kerr did sign over power of attorney to his father Terry Kerr."[3] (ECF No. 25 at 5.) Plaintiffs allege that the loan modification ultimately resulted in an increase in the monthly payment, but they do not allege that the loan modification was done without authorization from Terry Kerr who had the power of attorney to act on behalf of Dennis Kerr. It is not clear what provisions of the SCRA or HERA have been violated by Defendants and which Defendants violated Plaintiffs' civil rights under the SCRA.

### D.   Intentional/Negligent Infliction of Emotional Distress

Intentional infliction of emotional distress requires that the plaintiff allege in his complaint that: (1) there has been extreme and outrageous conduct by the defendant with the intention of, or reckless disregard for, causing emotional distress to the plaintiff; (2) the plaintiff actually suffered severe or extreme emotional distress; and (3) the defendant's extreme and outrageous conduct is the actual and proximate cause of plaintiff's extreme emotional distress. *See Star v. Rabello*, 625 P.2d 90, 91-92 (Nev.

///

---

[3] Plaintiff's original Complaint similarly alleges that Dennis Kerr gave his father power of attorney of his home while he was overseas. (ECF No. 2 at 8; ECF No. 25 at 5.)

1    1981). On the other hand, negligent infliction of emotional distress requires that a party

2    allege he (1) was located near the scene of an accident that was caused by the

3    defendant's negligence, (2) was emotionally injured by the contemporaneous sensory

4    observance of the accident caused by the defendant, and (3) was closely related to the

5    victim. *See State v. Eaton*, 710 P.2d 1370, 1377-78 (Nev. 1985).

6         The FAC fails to support each element of either an intentional infliction of

7    emotional distress claim or a negligent infliction of emotional distress claim. Plaintiffs do

8    not state what conduct of which Defendants were extreme and outrageous; rather

9    Plaintiffs rely on a vague, general allegation of a conspiracy to harm Plaintiffs without

10   providing any specific conduct or describing how that conduct caused harm to

11   Plaintiffs.[4] In addition, Plaintiffs do not identify what accident and which Defendant's

12   negligence caused an emotional injury as required under the elements of negligent

13   infliction of emotional distress.

14        **E.    Breach of the Implied Covenant of Good Faith and Fair Dealing**

15        Nevada law holds that "[e]very contract imposes upon each party a duty of good

16   faith and fair dealing in its performance and its enforcement." *A.C. Shaw Constr., Inc. v.*

17   *Washoe Cnty.*, 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts §

18   205). "When one party performs a contract in a manner that is unfaithful to the purpose

19   of the contract and the justified expectations of the other party are thus denied,

20   damages may be awarded against the party who does not act in good faith." *Hilton*

21   *Hotels v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 923 (Nev. 1991). To establish a claim

22   for contractual breach of the implied covenant of good faith and fair dealing, a plaintiff

23   ─────────────

24        [4]It is insufficient that Plaintiffs allege that the conspiracy to destroy Plaintiffs'
     reputation was the conduct that caused their emotional distress. (*See* ECF No. 25 at 15-
     16.) In order to defeat a 12(b)(6) motion to dismiss, Plaintiffs must allege specific facts
25   (to be proven as true at trial) that show extreme and outrageous conduct by particular
     Defendants. There is no logical connection between receiving "497 calls from a
26   pharmisutical [sic] company for Viagra" (ECF No. 25 at 16) and a conspiracy by
     Defendants *unless* Plaintiffs were to specifically assert that specific Defendants
27   pretended to act as pharmaceutical salespersons on particular dates with the specific
     intent to cause severe emotional distress to Plaintiffs and that such conduct did cause
28   severe emotional distress.

must allege that: (1) plaintiff and defendant were parties to a contract; (2) the defendant owed plaintiff a duty of good faith and fair dealing; (3) defendant breached the duty by performing in a manner that is unfaithful to the contract's purposed; and (4) plaintiff's justified expectations were denied. *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995) (citing *Hilton Hotels*, 808 P.2d at 922-23).

Although Plaintiffs mention the foreclosure of their homes, Plaintiffs fail to identify the contract for which the covenant of good faith and fair dealing has been violated. Plaintiffs also fail to assert which Defendant entered into a contract and violated the covenant.

### F.    Tortious Interference with a Business Relationship

Plaintiff alleges that there has been a tortious interference with a business relationship. In an action for intentional interference with a contractual relationship, a plaintiff must establish that there is a valid and existing contract, that the defendant had knowledge of the contract, that the defendant engaged in intentional acts to disrupt that contractual relationship, and that there was an actual disruption of the contract that resulted in damage to the plaintiff. *See J.J. Indus., LLC v. Bennett*, 71 P.3d 1264, 1267 (2003).

The FAC appears to premise this claim on either Defendant BANA allegedly stealing an insurance check or BANA allegedly failing to pay a contractor for repairs on Plaintiffs' home. (*See* ECF No. 25 at 17.) Accepting the allegation as true, it is unclear what contract Plaintiffs believe BANA has tortuously interfered with.

### G.    TILA

The FAC alleges violations of TILA. TILA was enacted to protect consumers against potentially fraudulent practices stemming from the uninformed use of credit, *see King v. California,* 784 F.2d 910, 915 (9th Cir.1986), and requires creditors to disclose certain information about the terms of a particular loan to a prospective borrower, s*ee e.g.*, 15 U.S.C. §§ 1631-32, 1638; 12 C.F.R. § 226.17. Plaintiffs base violations of TILA on alleged wrongful/illegal foreclosures as well as fraudulent concealment,

misrepresentation, improper assignment, breaches of modification agreements, deception, and fraud. (*See* ECF No. 25 at 19.) Yet, Plaintiffs fail to identify what Defendants committed these acts or the factual bases for these allegations. Asserting that someone has committed a wrong without providing any facts showing that a wrong may have been committed is insufficient to survive a 12(b)(6) motion to dismiss.

## H.    Lack of Personal Jurisdiction

This Court does not have personal jurisdiction over PRR. PRR is a Montana law firm that is representing St. Vincent Healthcare Hospital, located in Montana, in a suit filed by Plaintiff Dennis Kerr. (ECF No. 62 at 2.) In that lawsuit, Kerr alleged that medical personnel at St. Vincent intentionally injured him during the removal of a blood clot from his leg and that an unspecified nurse later defamed Kerr by telling his sister that he was "out of his mind" and needed to be committed to a mental hospital. (ECF No. 62 at 2.) In that case, the court dismissed both the intentional injury and defamation claims.

When a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate over the defendant. *Dole Food Co. Inc. v. Watts*, 303 F.3d 1104, 1008 (9th Cir. 2002). A two-part analysis governs whether a court retains personal jurisdiction over a nonresident defendant. "First, the exercise of jurisdiction must satisfy the requirements of the applicable state long-arm statute." *Chan v. Society Expeditions*, 39 F.3d 1398, 1404 (9th Cir. 1994). Since "Nevada's long-arm statute, NRS § 14.065, reaches the limits of due process set by the United States Constitution," the Court moves on to the second part of the analysis. *See Baker v. Eighth Judicial District Court ex rel. Cnty. of Clark*, 999 P.2d 1020, 1023 (Nev. 2000). "Second, the exercise of jurisdiction must comport with federal due process." *Chan*, 39 F.3d at 1404–05. "Due process requires that nonresident defendants have certain minimum contacts with the forum state so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial

///

///

justice."[5] *Id.* (citing *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945)). Courts analyze this constitutional question with reference to two forms of jurisdiction: general and specific jurisdiction. "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919 (2011). General jurisdiction requires that the defendant engage in "continuous and systematic general business contacts" that "approximate physical presence" in the forum state. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1074 (9th Cir. 2011) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984) and *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000)).

Alternatively, specific jurisdiction exists where "[a] nonresident defendant's discrete, isolated contacts with the forum support jurisdiction on a cause of action arising directly out of its forum contacts." *CollegeSource, Inc.*, 653 F.3d at 1075. Courts use a three-prong test to determine whether specific jurisdiction exists over a particular cause of action: "(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof, or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e*., it must be reasonable*." *Id.* at 1076 (quoting *Schwarzenegger*, 374 F.3d at 802) (emphasis added)).

Neither general nor specific jurisdiction exists here. According to PRR, PRR has no contacts with the state of Nevada. (*See* ECF No. 62 at 5.) PRR does not practice law

---

[5]In their response, Plaintiffs focus on the plain meaning of "fair play and substantial justice" (ECF No. 66) instead of on the legal definition of this term.

or conduct business in the state of Nevada. (*See id.*) PRR states that its only contact with Plaintiff Terry Kerr occurred during its representation of St. Vincent Healthcare Hospital in the lawsuit that Plaintiff filed against St. Vincent Healthcare Hospital in Billings, Montana. (*Id.*) Plaintiffs have not established that PRR purposefully availed itself of the forum or that PRR has any contacts with Nevada other than serving litigation and discovery materials to Mr. Kerr at his Nevada address, which it was required to do in the prior lawsuit Kerr brought against St. Vincent Hospital. (*See id.* at 6.) Accordingly, Defendant PRR is dismissed without prejudice for lack of personal jurisdiction.

### I.    Claim Preclusion

Defendants ZB and Ray Quinney & Nebeker P.C. ("Nebeker") seek dismissal under Rule 12(b)(6), and ZB seeks dismissal under claim preclusion. (*See* ECF No. 55.) Although Nationstar did not raise claim preclusion in its Motion, the Court may dismiss with prejudice the claims against it based on claim preclusion. *See United States v. Sioux Nation of Indians*, 448 U.S. 371, 432 (1980) ("The court may dismiss an action sua sponte where a defense of claim preclusion is not raised by a defendant."); *see also Ananiev v. Freitas*, 37 F. Supp. 3d 297 (D.D.C. 2014), *order aff'd*, 587 Fed. Appx. 661 (D.C. Cir. 2014) ("District court may dismiss a claim sua sponte under the doctrine of claim preclusion due to the doctrine's jurisdictional character.").

Under Nevada law, claim preclusion applies when "the parties or their privies are the same, the final judgment is valid, and the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case." *Weddell v. Sharp*, 350 P.3d 80, 82 (Nev. 2015). In a prior lawsuit filed by Plaintiff Terry Kerr, Kerr claimed breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, breach of fiduciary duty, intentional interference with a contract, violation of TILA, violation of BHCA, and violation of RICO against Nationstar and ZB. (ECF No. 56-1 at 5-6.) The claims raised by Kerr arose from the non-judicial foreclosure of one of Kerr's homes. (*Id.* at 6.) Kerr's principal grievances in that case stemmed from his belief that he and his family had been targeted because of racial

animus and that ZB and Nationstar were responsible not only for the foreclosures but also for the family's financial distress, emotional distress, and bodily harm. (*Id.*) The Idaho state court granted summary judgment for Nationstar and ZB and dismissed the case on September 22, 2015. (*See* ECF No. 56-1.)

In the FAC, filed on January 21, 2016, Plaintiffs allege that Defendants BANA, ZB, and Nationstar conspired to steal Plaintiffs' homes. (ECF No. 25 at 9.) Plaintiffs also allege that ZB put their mortgage into a holding company that then changed their mortgage contracts. (*See* ECF No. 25 at 10.) These claims arise from the same set of facts identified by Plaintiff Terry Kerr in the Idaho state judgment. Because Terry Kerr is named in the case at issue here, claim preclusion applies to bar the claims against ZB and Nationstar.

## V. LEAVE TO AMEND

The court has discretion to grant leave and should freely do so "when justice so requires." *Id.*; *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Nonetheless, courts may deny leave to amend if it will cause: (1) undue delay; (2) undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). Facts raised for the first time in plaintiff's opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice. *Orion Tire Corp. v. Goodyear Tire & Rubber Co.*, 268 F.3d 1133, 1137-38 (9th Cir. 2001).

The Court granted Plaintiff Dennis Kerr leave to amend, but instead of curing the deficiencies of his original Complaint, Plaintiff expanded the scope of his allegations, added his father as a Plaintiff and added additional Defendants. The FAC, like the original Complaint, is confusing and fails to comply with Fed. R. Civ. P. 8. The Court assumes that any amendment would be consistent with arguments made in Plaintiff's response, which do not raise any facts for the Court to find that amendment would not

be futile. Under these circumstances, it would be unfairly prejudicial to Defendants to grant Plaintiffs leave to amend yet again. *See McHenry*, 84 F.3d at 1179-80 (affirming a dismissal under Rule 8, and recognizing that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges").

## VI.   REMAINING PENDING MOTIONS

Plaintiffs have filed a motion for sanctions and two motions for hearing on their motions for sanctions. (ECF Nos. 71, 89, 100.) Plaintiffs argue that sanctions should be imposed on Defendants "for the intentional telling of lies to the Court" (ECF No. 71 at 1), but the allegations they offer do not support any false representations to the Court. Plaintiffs' motions for sanctions and for hearing (ECF No. 71, 89, 100) are denied.

## VII.   CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the pending Motions.

It is therefore ordered that Defendants' Motions to Dismiss and joinders (ECF Nos. 32, 34, 38, 52, 55, 58, 60, 62) are granted. Plaintiff's Complaint is dismissed without prejudice and without leave to amend as to all Defendants except Nationstar Mortgage, LLC and Zion Bank, N.A. who are dismissed with prejudice.

It is further ordered that Plaintiffs' motion for sanctions (ECF No. 71) and motions for hearing on motion for sanctions (ECF No. 89, 100) are denied.

Defendants' motion to stay discovery (ECF No. 95) is denied as moot.

The Clerk is directed to enter judgment in accordance with this Order and close the case.

DATED THIS 16th day of September 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE